```
                 UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE
```

Stephanie J. Keele

    v.                                          Civil No. 12-cv-24-JD

Colonial Imports Corp.
d/b/a/ Toyota of Nashua


                              O R D E R

Stephanie J. Keele brings federal and state claims against her former employer, Colonial Imports Corporation, alleging that she was subjected to sexual harassment and a hostile work environment and that her employment was terminated in retaliation for exercising her state and federal rights.  Colonial moves to dismiss Keele's wrongful discharge claim on the ground that it is precluded by remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., and New Hampshire Statutes Annotated ("RSA") Chapter 354-A.  Keele objects, arguing that under the current law, her wrongful discharge claim is not precluded.  Colonial filed a reply, contending that more recent New Hampshire cases are distinguishable from this case.


                              Discussion

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the plaintiff's pleading.

Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 11-12 (1st Cir. 2011).  Therefore, in response to a motion to dismiss, the court assesses whether the properly pled factual allegations state a claim recognized under the applicable law.  Id. at 12.

Colonial contends Keele's wrongful discharge claim is precluded by Title VII and RSA Chapter 354-A because remedies are available under both statutory schemes.  Colonial relies on Murdy v. Nashua Sch. Dist., 2006 WL 3730092 (D.N.H. Dec. 19, 2006) (following Smith v. F.W. Morse & Co., Inc., 76 F.3d 413, 429 (1st Cir. 1996)).  In response to Keele's objection, in which she points out later developments in the law, Colonial contends that the New Hampshire cases are distinguishable and were construed by Murdy and reasserts the preclusion theory.

The court acknowledges the confusion generated by cases addressing the issue of whether, under New Hampshire law, a wrongful discharge claim is precluded when a statutory remedy exists for the same wrongful conduct.  In Smith, the First Circuit interpreted New Hampshire cases to hold that an alternative statutory remedy precludes a common law claim for wrongful discharge.  Smith, 76 F.3d at 429.  The New Hampshire case relied on in Smith, however, held that "a plaintiff may not pursue a common law remedy where the legislature intended to replace it with a statutory cause of action."  Wenners v. Great

St. Beverages, Inc., 140 N.H. 100, 103 (1995) (emphasis added). The New Hampshire Supreme Court explained that for purposes of that case "there has been no <u>clear statutory intent to supplant the common law cause of action</u>." <u>Id.</u> (emphasis added). Therefore, the New Hampshire Supreme Court required the statutory cause of action to preempt a common law claim rather than merely to provide an alternative cause of action.

In <u>Bliss v. Stow Mills, Inc.</u>, 146 N.H. 550 (2001), a trucker brought a claim for wrongful discharge after he was fired when he told his employer he would no longer drive a route that could not be completed within the time allowed under federal law, the Surface Transportation and Assistance Act of 1982 ("STAA"). The employer argued that the wrongful discharge claim was precluded by the STAA, which provides protections and remedies for truckers who report violations. <u>Id.</u> at 552. The supreme court determined that the wrongful discharge claim was not preempted by the STAA, and the analysis makes plain that the issue is whether the statute preempts the wrongful discharge cause of action, not merely whether the statute provides an alternative remedy. <u>Id.</u> at 552-56.

The next year, the New Hampshire Supreme Court considered whether the plaintiff had articulated a public policy basis for her wrongful discharge claim and concluded that the claim

3

implicated the policy outlined in the New Hampshire Whistleblowers' Protection Act.  <u>Karch v. BayBank FSB</u>, 147 N.H. 525, 537 (2002).  The claim was allowed to proceed even though a remedy was available under the Act.  <u>See</u> RSA 275-E2.

Since <u>Murdy</u> and <u>Perrotti-Johns v. Wal-Mart Stores, Inc.</u>, Case No. 05-cv-243-PB, 2006 DNH 079 (July 11, 2006), were decided, other judges in this district have concluded that, absent preemption, an alternative statutory remedy does not preclude a wrongful discharge claim under New Hampshire law.  <u>See</u> <u>True v. DJQ Enters., Inc.</u>, 2011 WL 794330, at *1 (D.N.H. Mar. 2, 2011); <u>Weeks v. Wal-Mart Stores, Inc.</u>, 2010 WL 3703254, at *3-*4 (D.N.H. Sept. 16, 2010).  Colonial has not persuaded the court that a different rule would apply in this case.  Although Colonial has demonstrated that Title VII and RSA 354-A provide remedies for retaliatory discharge, that is insufficient to show preemption.  <u>See, e.g.</u>, <u>Bliss</u>, 146 N.H. 552-56; § 2000e-7 (anti-preemption provision of Title VII).

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 6) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 23, 2012

cc:  Robert M. Fojo, Esquire
     John P. Sherman, Esquire