UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Stephanie J. Keele

    v.                                  Civil No. 12-cv-24-JD

Colonial Imports Corp.
d/b/a Toyota of Nashua


O R D E R

Stephanie J. Keele brings federal and state claims against her former employer, Colonial Imports Corporation, alleging that she was subjected to sexual harassment and a hostile work environment and that her employment was terminated in retaliation for exercising her state and federal rights.  Keele moves for leave to amend her complaint, after the deadline in the scheduling order, to add allegations of facts that she contends she recently learned during discovery, and to add new claims based on the new allegations.  Colonial objects to the motion, arguing that Keele cannot show good cause to support her motion.


Standard of Review

When a motion to amend is filed after the deadline provided in the scheduling order, the moving party must show good cause to extend the deadline.  Fed. R. Civ. P. 16(b)(4); Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir.

2008).  The good cause standard "emphasizes the diligence of the party seeking the amendment."  O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004).  While the degree of prejudice to the opposing party is a consideration, "[i]ndifference by the moving party seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause."  Id. (internal quotation marks omitted).

## Discussion

Keele contends that good cause exists to extend the deadline for amending her complaint because she moved to amend the same day that she received long-awaited discovery from Colonial which supported her new claims pertaining to a Colonial employee, Charles Goodwin.  Colonial objects, arguing that Keele previously made allegations pertaining to Goodwin, that she knew the facts all along that she now seeks leave to add to her complaint, and that Keele's charges of discovery abuses are "specious and unfair."  Colonial also objects to new allegations Keele included in her amended complaint that do not pertain to Goodwin.

Keele filed her original complaint in state court, and Colonial removed the case to this court.  In her original complaint, Keele alleged that she was subjected to sexual

harassment by Goodwin during her employment at Colonial, that Goodwin was terminated, that Keele was targeted for negative treatment following Goodwin's termination, and that Colonial terminated her employment less than a month after Goodwin was terminated. She also alleged, based on information and belief, that Colonial had previously investigated Goodwin for sexual harassment and had terminated his employment but then rehired him. Keele stated that the termination and rehiring may have occurred more than once.

In her amended complaint, Keele adds detail learned from recently obtained discovery, including Goodwin's personnel file, about his employment history. She also adds a paragraph alleging sexual harassment by other Colonial employees. Based on the information about Goodwin's employment history, Keele alleges new claims for negligent supervision, negligent hiring and retention, and negligent training.

Despite the parties' differing views about the discovery process, it is undisputed that Keele obtained discovery responses from Colonial, which are pertinent to her new allegations and claims pertaining to Goodwin, on May 16 and May 18, 2012. Under the circumstances, Keele has shown good cause to allow her to amend her complaint to add the allegations pertaining to Goodwin and her claims in Counts V, VI, and VII, to the extent those

claims are based on the allegations pertaining to Goodwin. Keele has not shown good cause to support her new allegation, in paragraph 40 of the amended complaint, that she was harassed by other Colonial employees.

## Conclusion

For the foregoing reasons, the plaintiff's motion for leave to amend (document no. 19) is granted except for paragraph 40, which is not allowed. The plaintiff shall delete paragraph 40 and file her amended complaint, as allowed.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

June 14, 2012

cc: John P. Sherman, Esquire
    Christopher T. Vrountas, Esquire